UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACEY RENE WALKER,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:25-cv-02444-CKD (SS)

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to magistrate judge jurisdiction. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1971, applied for SSI on July 27, 2022, alleging disability beginning August 27, 2009, later amended to July 7, 2022. Administrative Transcript ("AT") 45-46, 2276. Plaintiff stated that she was unable to work due to multiple mental health issues, arthritis, high blood pressure, and a thyroid problem. AT 74.

/ / /

On April 4, 2025, an Administrative Law Judge (ALJ) issued a decision finding plaintiff not disabled since the application date, July 27, 2022. AT 2276-85. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since July 27, 2022, the application date.
>
> 2. The claimant has the following severe impairments: bipolar disorder.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations. She can understand, remember, and carry out simple instructions. She can occasionally interact with others. She can tolerate occasional changes in the work environment.
>
> 5. The claimant has no past relevant work.
>
> 6. The claimant was born [in 1971] and was 34 years old, which is defined as a younger individual age 18-49 on the date the application was filed.
>
> 7. The claimant has a limited education.
>
> 8. Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since July 27, 2022, the date the application was filed.

AT 2278-85.

<u>ISSUES PRESENTED</u>

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in discounting plaintiff's subjective symptom allegations; and (2) the ALJ failed to develop the record and improperly assessed the residual functional capacity (RFC) without a medical opinion.

////

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Duty to Develop

Plaintiff argues that the ALJ improperly assessed the mental RFC without a medical opinion in the record and should have developed the record to obtain one. Defendant contends that the ALJ did not need to rely on a medical opinion, but properly evaluated the medical evidence on his own to arrive at the RFC. Defendant adds that the ALJ scheduled a consultative examination for plaintiff but she was a "no show."

It is undisputed that the record contains no medical opinion on plaintiff's mental condition or any related limitations. As the ALJ explained:

> I considered the statements of State agency mental health consultants E. Salk, Ph.D., and Howard Leizer, Ph.D. <u>Both Dr. Salk and Dr. Leizer indicated that there was insufficient evidence to rate the severity of the claimant's medically determinable mental impairments.</u> As State agency consultants, neither Dr. Salk nor Dr. Leizer had the opportunity to review and consider the entire medical record before forming an opinion. Furthermore, neither Dr. Salk nor Dr. Leizer had the opportunity to conduct an independent, in-person examination of the claimant.

AT 2283 (emphasis added). The ALJ noted that plaintiff "failed to attend a consultative examination scheduled in October 2022." AT 2283.

Absent a medical opinion, the ALJ assessed plaintiff's mental functional limitations based on examination notes from a September 2022 emergency room visit; two meetings with a social worker in early 2023; a June 2023 examination at Sacramento County health agency; treatment notes during a weeklong 5150 hold in September 2023; notes from another ER visit in September 2023; and treatment notes during plaintiff's subsequent incarceration at the Sacramento County Jail. AT 2282-83. Based on this evidence and plaintiff's testimony, which he found less than fully credible, the ALJ determined that plaintiff could "understand, remember and carry out simple instructions, . . . occasionally interact with others [and] tolerate occasional changes in the work environment." AT 2280.

The ALJ's duty to further develop the record is triggered where the evidence is ambiguous or inadequate to allow for proper evaluation. <u>Mayes v. Massanari</u>, 276 F.3d 453, 459–60 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." <u>Tonapetyan</u>, 242 F.3d at 1150. Where a claimant contends the ALJ failed to supplement the record, it is his burden to show prejudice. <u>McLeod v. Astrue</u>, 640 F.3d 881, 887 (9th Cir. 2011).

Here, plaintiff's sole severe impairment is bipolar disorder, and the mental RFC is not supported by any medical opinion. In <u>Heskett v. Bisignano</u>, a court in this district explained that

"it is well-settled that an ALJ may not render their own medical opinion and is not empowered to independently assess clinical findings when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." 2025 WL 1993698, *6 (E.D. Cal. July 17, 2025) (internal quotation marks omitted; collecting cases). "Indeed, Ninth Circuit courts have found that barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." Id. at *7 (cleaned up; collecting cases); see, e.g., Lopez v. Berryhill, No. 2:25-cv-01237 CKD, 2026 WL 1284248, *4 (E.D. Cal. May 11, 2026) (with no medical opinion on physical limitations except for upper extremities, RFC was not supported by substantial evidence and ALJ failed to develop the record); De Gutierrez v. Saul, No. 1:19-cv-00463-BAM, 2020 WL 5701019, at *6 (E.D. Cal. Sept. 24, 2020) ("Without a medical opinion to support the conclusion that Plaintiff was able to perform" a certain level of work, lift and carry certain weight, or sit, stand or walk for certain periods of time, "the ALJ's RFC lacks the support of substantial evidence."). Plaintiff has shown error on this basis.

The court cannot conclude that the error was harmless. The ALJ determined plaintiff's mental RFC without a medical opinion that defined her limitations, and the RFC lacked the support of substantial evidence. Had the ALJ considered a medical opinion on plaintiff's suitability for work in light of her bipolar disorder and the longitudinal record, the outcome may well have been different. Plaintiff has shown harmful error and is entitled to summary judgment. [1]

REMEDY

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ

[1] The court does not reach plaintiff's remaining claim.

would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed, including asking a vocational expert hypothetical questions about available jobs based on a revised RFC. The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is GRANTED;
2. Defendant's cross-motion for summary judgment (ECF No. 16) is DENIED;
3. The Clerk of Court shall enter judgment for plaintiff; and
4. This matter is remanded for further proceedings in accordance with this order.

Dated: August 12, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/walk2444.ssi.ckd